BEALL *v.* BEALL.

DIVORCE AND ALIMONY; EQUITY PRACTICE.

1. A decree sustaining a bill for divorce by a wife, and dismissing a cross bill by the husband charging adultery, and requiring the husband to pay the wife $4 per week for maintenance and support,

*affirmed* in view of the prior relations of the parties, the circumstances relating to the conduct of the husband, and because the evidence, while showing some well-founded circumstances of suspicion, lacked the condition of certainty required in such a case.

2. Where a decree of divorce requires the defendant to pay alimony to the complainant for her maintenance, its continuation is subject to the control of the lower court, and may be made to depend upon her conduct and necessities in the future.

No. 1620.  Submitted April 4, 1906.  Decided May 1, 1906.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia sustaining a bill for divorce, dismissing a cross bill, and ordering the defendant to pay alimony.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. William W. Bride* for the appellant.

*Mr. J. A. Toomey* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The original bill in this case was filed by Annie E. Beall against her husband, Howard Irving Beall, for maintenance, under section 980 of the Code (30 Stat. at L. 1346, chap. 854). The bill alleged the marriage of the parties in December, 1900; the birth of two children and the expectation of another; abandonment by the husband without cause on April 24, 1904; inability of complainant to support herself and infant children; and the refusal of the defendant, though in receipt of a salary of $10 per week, to contribute to their support.

Defendant's answer denied that complainant had been a faithful wife, and charged her with the commission of adultery with divers persons.  On September 12, 1904, he filed a cross bill for divorce, alleging adultery with one Kreyer, who is made a respondent to the cross bill, and with other persons unknown.

Kreyer answered confessing the charge, but the defendant denied the same in a sworn answer.

Testimony was taken, and the court entered a decree dismissing the cross bill, sustaining the bill, and ordering the defendant to pay to the complainant for separate maintenance the sum of $4 per week.

It would serve no useful purpose to review the evidence offered by the defendant in support of the allegations of his cross bill. Considering the previous relations of the parties and circumstances relating to the conduct of the husband, we agree with the learned justice who presided in the equity court that the evidence is insufficient. It shows some well-founded circumstances of suspicion, but lacks the conditions of certainty requisite in such cases. Moreover, the conduct of the defendant himself is not altogether free from blame. The matter of the continuation of the payment of alimony as decreed for the maintenance of the complainant is subject to the control of the equity court, and may be made to depend upon her conduct and necessities in the future. We find no error in the decree, and it will be affirmed, with costs. ·                    *Affirmed.*